**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Mark White,

|                       |                                           |
|-----------------------|-------------------------------------------|
| Plaintiff,            | Case No. 25-13026                         |
| v.                    | Judith E. Levy                            |
|                       | United States District Judge              |
| William Zeitler, *et al.*, |                                      |
|                       | Mag. Judge Anthony P. Patti               |
| Defendants.           |                                           |

_____/

## ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS [2], SUMMARILY DISMISSING COMPLAINT [1], AND DENYING MOTIONS AS <u>MOOT [6, 8, 10]</u>

This matter is before the Court on Plaintiff Mark White's pro se civil rights complaint (ECF No. 1) filed under 42 U.S.C. § 1983. White is currently a Michigan inmate housed at the Macomb Correctional Facility. White's complaint concerns events alleged to have occurred at the Thumb Correctional Facility (the "Thumb Facility") while White was an inmate there. White asserts that Michigan Department of Corrections ("MDOC") personnel at the Thumb Facility violated his First, Eighth, and Fourteenth Amendment rights by engaging in acts of deliberate

indifference to his diabetic condition in retaliation for his prior grievances and lawsuits. (ECF No. 1, PageID.7–8.) Upon review of the complaint and White's litigation history, the Court concludes that the case must be dismissed without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g).

Plaintiff filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). *See also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments.

Under the PLRA, however, a federal court must deny a prisoner in forma pauperis ("IFP") status and dismiss a case if on three or more occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The three strikes provision allows IFP

status despite three or more strikes if the plaintiff plausibly alleges that he is in imminent danger of serious physical injury. *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019). On numerous occasions Judges in this district and in the Western District of Michigan have denied White leave to proceed in forma pauperis under 28 U.S.C. § 1915(g). *See White v. Strurm*, 737 F. Supp. 3d 576 (E.D. Mich. June 12, 2024); *White v. Washington*, No. 24-10550, 2024 U.S. Dist. LEXIS 43671 (E.D. Mich. March 12, 2024); *White v. Morrison*, No. 21-cv-00601, 2022 U.S. Dist. LEXIS 18990 (W.D. Mich. Feb. 2, 2022); *White v. McKee*, No. 16-cv-00601, 2016 U.S. Dist. LEXIS 76347 (W.D. Mich. June 13, 2016); *White v. U.S. Dist. Cts. of Mich.*, No. 13-14428 (E.D. Mich. Oct. 25, 2013); *White v. Heyns*, No. 13-12104 (E.D. Mich. May 24, 2013); *White v. Saginaw Cnty. Jail*, No. 09-13470 (E.D. Mich. Sept. 14, 2009).

White resists a three-strikes dismissal on several grounds. First, White asserts that under the new standard announced in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024), he is no longer a three-striker. (ECF No. 2, PageID.13.) *Crump* held that only cases where all the claims in a complaint were dismissed on the grounds listed in § 1915(g) (as opposed to some of the claims being so dismissed) count as strikes. *Crump*, 121

3

F.4th at 1111. White asserts that all but perhaps one of his prior cases were dismissed at least in part for reasons not listed in § 1915(g), including on the basis of Eleventh Amendment immunity or on summary judgment. (ECF No. 2, PageID.14.) He also asserts that he was refused permission to amend his complaint in several cases, and that several others do not count as strikes because they were filed before enactment of the PLRA. (*Id.*)

The Court notes that the fact that a case was dismissed at the summary judgment phase of proceedings does not automatically mean that it does not count as a strike. "The district court must examine the basis of a court's previous grant of summary judgment to determine whether the dismissing court deemed the action frivolous, malicious, or as failing to state a claim for relief." *Jeter v. Lawless*, No. 19-cv-623, 2020 U.S. Dist. LEXIS 119305, at *4 (S.D. Ohio July 7, 2020); *see also Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) ("[T]he fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)."); *White v. Mosely*, No. 1:25-CV-12570, 2025 WL 3079975, at *2 (E.D. Mich. Nov. 4, 2025).

4

So, too, the fact that a case might have been filed before enactment of the PLRA's three-strikes provision does not prevent a prior dismissal from counting as a strike. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

Accordingly, even after *Crump*, the Court identifies at least four cases that count as strikes for White:

1. *White v. Nichols*, No. 94-cv-75266, 1996 U.S. Dist. LEXIS 23717 (E.D. Mich. April 30, 1996) (recommending dismissal because "plaintiff has failed to allege any facts to support his allegations . . . [and] failed to establish the threshold requirement of a § 1983 claim), *report and recommendation adopted*, 1996 U.S. Dist. LEXIS 23718 (E.D. Mich. July 29, 1996).

2. *White v. 6th Cir. Ct.*, No. 95-71764 (E.D. Mich. June 23, 1995) (ECF No. 4) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d)).

3. *White v. Caruso*, No. 1:08-cv-80, 2008 U.S. Dist. LEXIS 11105, at *2 (W.D. Mich. Feb. 14, 2008) ("After review of plaintiff's complaint and his proposed amendment, the court determines that plaintiff's complaint, even as he proposes to amend it, fails to state a claim upon which relief can be granted against the only named defendant, Patricia Caruso.").

4. *White v. Caruso*, No. 08-10057, 2008 U.S. Dist. LEXIS 124172, *5 (E.D. Mich. March 17, 2008) ("Plaintiff's pending [civil rights] complaint is frivolous and fails to state a claim because it alleges a mere violation of state law.").

Despite these strikes, White asserts that, even if he has three strikes, he is in imminent danger of serious physical injury. White argues that Defendants' conduct, as described in the complaint, poses an imminent threat to his physical health because it impacts the timing of his meals in relation to his insulin putting him at risk for hypoglycemia. (ECF No. 2, PageID.13.)

The problem for White is that his allegations of imminent danger involve only past conduct at a different facility from the one in which he is now housed. "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception [of § 1915(g).]" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008)). Thus, allegations limited to events occurring at a previous facility do not satisfy the imminent danger requirement. *See, e.g.*, *Raleem-X v. Borgerding*, No. 16-12234, 2016 WL 4800877, at *2 (E.D. Mich. Sept. 14, 2016) (finding no imminent danger when complaint relates to confinement at prior facility); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding no imminent danger when plaintiff was moved to a different facility from where the alleged misconduct occurred).

The fact that White was a prisoner at the Thumb Facility when he filed his complaint does not change the result. *See e.g.*, *Hawthorne v. Caruso*, No. 06-cv-14011, 2007 WL 2710106 at *2–3 (E.D. Mich. Sept. 13, 2007) (finding that Plaintiff was not under imminent danger of serious physical injury because he was transferred to a different facility after the complaint was filed); *Daniel v. Horton*, No. 2:21-cv-38, 2021 WL 3029888, at *2–3 (W.D. Mich. July 19, 2021).

Lastly, White notes that he was granted in forma pauperis status in his previous case related to events at the Thumb Facility. (ECF No. 2, PageID.13.) White successfully moved to voluntarily dismiss that case due to an admitted exhaustion of administrative remedies problem in anticipation of filing this one which he claims contains only exhausted claims. *See White v. Zelinski*, No. 24-cv-12564, ECF No. 51 (E.D. Mich. Oct. 23, 2025). White asserts that the IFP order in that case should carry over and be applied to this case. (ECF No. 2, PageID.2.)

As in the present case, in the prior one White asserted that he was in imminent danger from Defendants' action at the Thumb Facility, and during the pendency of that case he was still a prisoner there. That is no longer the case. The allegations in White's current complaint do not

7

suggest that he is currently in imminent danger of serious physical harm at the Macomb Correctional Facility due to Defendants' actions.

Thus, the Court concludes that White is not entitled to proceed in forma pauperis, and his complaint is subject to dismissal under 28 U.S.C. § 1915(g).

Finally, since White has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) likewise bars him from appealing in forma pauperis. 28 U.S.C. § 1915(g); *Belser v. Woods*, No. 17-2411, 2018 WL 6167330, at *1 (6th Cir. July 6, 2018). The Court therefore certifies that any appeal from this dismissal would not be taken in good faith.

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is DENIED. (ECF No. 2.) Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g). (ECF No. 1.) The Court CERTIFIES that any appeal from this dismissal would not be taken in good faith and DENIES Plaintiff in forma pauperis status on appeal. Finally, Plaintiff's pending motions (ECF Nos. 6, 8, 10) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 10, 2026                     s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

9